IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| STEPHANIE WACKERMAN, : | Case No. 3:23-cv-00269 |
| Plaintiff, : | District Judge Thomas M. Rose |
| vs. : | Magistrate Judge Caroline H. Gentry |
| TRAVELER'S INDEMNITY : | |
| COMPANY, *et al.*, : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court to consider whether it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 10.) Defendants did not file a response.

For the reasons discussed below, the undersigned Magistrate Judge concludes that Defendants have not plausibly alleged that the amount in controversy requirement is met. Therefore, the undersigned **RECOMMENDS** that this matter be **REMANDED** to the Court of Common Pleas of Montgomery County, Ohio.

I.      **BACKGROUND**

Plaintiff Stephanie Wackerman alleges that Defendants violated a homeowner's insurance policy by failing to cover property damage caused by storms and wind. (Complaint, Doc. No. 5.)  In her Complaint, which was originally filed in the Montgomery County Court of Common Pleas, Plaintiff asserts state-law claims for

1

breach of contract, breach of the duty of good faith and fair dealing, and bad faith. (*Id*.) For each claim, Plaintiff alleges that she "has been damaged in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00)." (*Id*. at PageID 39-42.) Similarly, in her demand for relief, Plaintiff seeks an award of compensatory damages in an amount not less than $25,000. (*Id*. at PageID 42-43.) She also seeks punitive damages, attorneys' fees, costs, and pre-judgment interest. (*Id*.)

Defendants removed the action to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendants assert that "[t]he Complaint seeks monetary damages in excess of $75,000, plus attorney fees, punitive damages, interest, and costs." (*Id*. at PageID 3.) Defendants do not themselves allege an amount in controversy. Nor do Defendants plausibly allege facts that show that the amount in controversy exceeds $75,000.

Upon review of Plaintiff's Complaint and the Notice of Removal, the undersigned concluded that Defendants did not plausibly allege that the amount in controversy requirement has been met. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 10.) Defendants did not file a response.

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject

matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal) then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). If the plaintiff seeks a particular amount of damages in the complaint and has a good-faith basis for doing so, then the removing defendant generally can rely on that amount to satisfy the amount in controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205

3

F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

Notably, plaintiffs filing lawsuits in Ohio state courts are typically prohibited from specifying an amount of damages in excess of $25,000. Ohio R. Civ. P. 8(A)(2) ("If the party seeks more than twenty-five thousand dollars [$25,000], the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10."). Therefore, because "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the removing defendant may need to include a plausible allegation that the amount in controversy requirement is met in the notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)).

### III. ANALYSIS

In their Notice of Removal, Defendants did not include a plausible allegation that the amount in controversy requirement has been met. *Dart Cherokee*, 574 U.S. at 89. Instead, Defendants made only a conclusory assertion that removal is proper because

"[t]he Complaint seeks monetary damages in excess of $75,000, plus attorney fees, punitive damages, interest, and costs." (Notice of Removal, Doc. No. 1 at PageID 3.)

Despite being ordered to do so, Defendants have not explained the basis for their conclusory assertion. The undersigned presumes that Defendants relied on Plaintiff's multiple demands for damages in excess of $25,000, and simply added them up. If that is what happened—and no alternative explanation has been provided or is apparent—then Defendants' rationale is faulty. Under Rule 8(A)(2) of the Ohio Rules of Civil Procedure, Plaintiff was legally barred from demanding a specific sum greater than $25,000 in the Complaint filed in state court. Therefore, it is neither reasonable nor plausible to construe the Complaint as specifying an amount in controversy greater than $75,000.

## IV.   CONCLUSION

For these reasons, the undersigned concludes that Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the matter to state court. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Montgomery County, Ohio.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).